IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EVERETT THOMAS,

    Petitioner,

v.                                              Civ. No. 10-470 MCA/RLP

JAMES JANECKA, Warden, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner entered a no contest plea pursuant to a Plea and Disposition Agreement to multiple counts of Sexual Exploitation of Children, NMSA (1978) § 30-06A-03A; NMSA (1978) § 30-09-11(A)(C)(1); and NMSA (1978) § 30-09-13(A)(1). The court suspended 50 years of incarceration, leaving a total period of incarceration of 82 years. Judgment and Suspended Sentence, Exhibit A to Answer. Judgment was entered on August 22, 2003. *Id.*

    2.    On August 25, 2003, Petitioner filed a Motion for Reconsideration of Sentence, Exhibit C. The Order denying reconsideration was entered on January 24, 2005. Exhibit F. On June 1, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in state court. Exhibit G. His federal petition was filed on May 17, 2010. Respondents argue that the petition is time-barred.

    3.    Section 2244(d)(1) imposes a one-year limitation period on federal habeas petitioners. The time period runs from "the date on which the judgment became final by the

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).  The time is tolled under certain circumstances, *i.e.*, while state "post-conviction or other collateral review" is being sought.  § 2244(d)(2).

4. The Court finds that the limitation period began to run on January 24, 2005, when the state court denied Petitioner's motion for reconsideration. *Howard v. Ulibarri*, 457 F.3d 1146 (10th Cir. 2006).  Even granting Petitioner 90 days in which to appeal the denial of the motion for reconsideration, his one-year terminated at the latest on April 24, 2006.

5. Petitioner did not file a state habeas petition until June 1, 2007, long after the one-year had expired.  Collateral review which is sought after the expiration of the one-year period does not toll the limitation period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

6. Equitable tolling may be applied in "rare and exceptional" circumstances. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).  A petitioner must show diligence and that extraordinary circumstances stood in his way. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).  The record does not reveal any such circumstances to account for the over one-year delay in filing the state habeas petition, or the additional one-year delay from the denial of his petition for writ of certiorari on May 15, 2009, Exhibit T, to the 2010 filing of his federal petition.  Accordingly, the Court finds that the petition is time-barred.

### RECOMMENDED DISPOSITION

I recommend that the petition for writ of habeas corpus be denied with prejudice.

_____
Richard L. Puglisi
Chief United States Magistrate Judge